UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JALONNI SHABAZZ,<br>        Plaintiff,<br><br>v.<br><br>BOSTON MEDICAL CENTER, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)   Civil No. 23-10624-LTS<br>)<br>)<br>)<br>)<br>) |

MORANDUM AND ORDER

June 23, 2023

SOROKIN, J

For the reasons set forth below, the Court dismisses this action pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## I.        BACKGROUND

On March 20, 2023, Jalonni Shabazz, now in custody at the Plymouth County House of Correction and proceeding *pro se*, filed a complaint with motions to appoint counsel and for leave to proceed *in forma pauperis*.  The complaint seeks damages from the Boston Medical Center ("BMC"), two doctors and a psychologist for injuries arising out plaintiff's treatment at the BMC emergency room in April 2022.

## II.        SCREENING OF THE COMPLAINT

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction "over two general types of cases: cases that 'aris[e] under' federal law" and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Industria Lechera De Puerto Rico, Inc. v. Beiró*, 989 F.3d 116, 120 (1st Cir. 2021) (citing

*Home Depot U.S.A., Inc. v. Jackson*, ⸺ U.S. ⸺, 139 S. Ct. 1743, 1746, (2019)).  For federal district courts, that means they may not exercise judicial power absent statutory authority to do so. *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746 (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction.  *See Gordo-González v. United States,* 873 F.3d 32, 35 (1st Cir. 2017).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## III.   DICUSSION

To the extent plaintiff claims federal question jurisdiction under 28 U.S.C. § 1331, he cannot pursue a claim against the defendants for a violation of his constitutional rights.  "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).  "To act under color of state law for [Section] 1983 purposes does not require that the defendant be an officer of the state." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  However, the alleged misconduct resulting in a deprivation of a plaintiff's rights must be fairly attributable to the State. *See Lugar v. Edmondson Oil Co., Inc.*, 547 U.S. 922, 937 (1982).

Here, Section 1983 does not apply to the defendants because they are not state actors and there are no facts suggesting they acted under color of state law.  The Boston Medical Center is a private teaching hospital. *See e.g. Manning v. Boston Medical Center Corp.*, No. 09-cv-11463-RWZ, 2011 WL 796505, at *1 (D. Mass. 2011)  (the BMC is a teaching hospital located in Boston);

*Com. v. Williams*, 923 N.E.2d 556, 558, 76 Mass.App.Ct. 489, 490–91 (Mass. App. Ct. 2010) (BMC is a private, non-profit hospital).

To the extent the complaint alleges a state law medical malpractice claim, there are no facts from which the court could find diversity jurisdiction. Here, plaintiff and defendants are alleged to be Massachusetts residents, which defeats diversity jurisdiction.

Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate.  *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).  Given the nature of the identified deficiencies, amendment would be futile.  In light of the above, this action will be dismissed

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby orders that:

1. This action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  No fee shall be assessed.

2. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

3